IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DRP, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 04-839-CV-W-FJG |
| ) | |
| DENISE CROSS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is defendants' Motion to Dismiss plaintiffs' initial Complaint (Doc. # 8) and defendants' Motion to Dismiss plaintiffs' First Amended Complaint (Doc. # 23).

### I. BACKGROUND

Plaintiffs have sued the Division Director of the Division of Family Services of the Missouri Department of Social Services, the Circuit Manager of the Clay County Division of Family Services and two social workers who were employed by the Division of Family Services pursuant to 42 U.S.C. § 1983 alleging violation of their constitutional and state law rights during their placement in foster care.

### II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989).

"A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

### III. DISCUSSION

In their first Motion to Dismiss, defendants move for dismissal of the Missouri Department of Social Services and defendant Mapel on the basis of Eleventh Amendment immunity. Shortly after the Motion to Dismiss was filed, plaintiffs filed a Notice of Voluntary Dismissal of the Department of Social Services (Doc. # 11). On the same day plaintiffs also filed a First Amended Complaint naming as defendants Denise Cross, Division Director of the Department of Family Services, Theresa Mapel, Circuit Manager of the Clay County Division of Family Services, Susan Roetman and Elizabeth Hutcheson who were employed by defendant as social workers. The Complaint states that plaintiffs are bringing suit against these individuals in "their individual capacities for their liability while acting under color of state law." (First Amended Complaint, ¶ 10).

In response to the Motion to Dismiss, plaintiffs state that as a result of dismissing the Department of Social Services and filing an Amended Complaint, the Eleventh Amendment immunity arguments have been rendered moot. The defendant did not file

2

any suggestions in reply addressing this issue. The Court agrees that plaintiff's Amended Complaint has addressed the Eleventh Amendment issues and therefore the Court **DENIES** defendants' Motion to Dismiss plaintiffs' initial complaint. (Doc. # 8).

Defendants filed a second Motion to Dismiss moving to dismiss plaintiffs' First Amended Complaint for lack of standing (Doc. # 23). Defendants move to dismiss the Amended Complaint because they state that although the caption states that it is being brought by R.P. as the "friend and natural father" of plaintiffs, nowhere does the Complaint state what the plaintiffs' relationship is to R.P. or his ability to sue on their behalf. Defendants state that the Circuit Court of Clay County has appointed Jennine Jones to act as guardian ad litem for the plaintiffs. Therefore, they argue that pursuant to Fed.R.Civ.P. 17(c), the father may not also represent the plaintiffs and their Complaint should be dismissed.

Plaintiffs argue in response that a guardian ad litem is appointed only for the purpose of protecting the minors' interest in the suit in which the appointment is made. Plaintiffs state that Ms. Jones was appointed by the state court and no court has appointed her as guardian ad litem for the plaintiffs in the instant case.

Defendants in reply state that R.P. has failed to show that he may act as plaintiffs' next friend because in December 2001, while the children were under his care, he was charged with five counts of endangering the welfare of a child in the first degree under Section 568.045 R.S.Mo. by the 7th Judicial Circuit of Missouri. Defendants state that R.P. plead guilty to one count and received a three year sentence. Pursuant to Section 210.117 R.S.Mo., defendants state that no child who is taken into the custody of the state may be reunited with a parent or placed in a home where any person has been

3

found guilty of or pled guilty to violating Section 568.045. Defendants state that R.P. has failed to show that he is truly dedicated to the interests of the children or that he has some significant interest in them. Defendants argue that Ms. Jones is the proper next friend. They state that the Clay County Circuit Court's order does not limit her responsibility to any single action or jurisdiction and that she is empowered to act on their behalf in a variety of circumstances including all legal proceedings.

Fed.R.Civ.P. 17(c) states:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

In the instant case the Court agrees that R.P. is not capable of serving as the next friend of the plaintiffs. However, the Court also does not find that this necessitates dismissal of the Complaint. The Court has contacted Ms. Jones and she has agreed to act as guardian ad litem for the plaintiffs in the instant case. Therefore, the Court hereby appoints Jennine Jones as the guardian ad litem for the minor plaintiffs in this case. Therefore, the Motion to Dismiss plaintiffs' First Amended Complaint (Doc. # 23) is hereby **DENIED.**

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motions to Dismiss (Docs. 8, 23).

Date: June 28, 2005　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge